UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID BOURGEOIS ET AL. | CIVIL ACTION |
| VERSUS | NO: 24-337 |
| PENNSYLVANIA GENERAL INSURANCE COMPANY ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

Seven motions for summary judgment are before the Court. The motions, respectively filed by Defendants Travelers Indemnity Company ("Travelers") and Huntington Ingalls Inc. ("Avondale"), were unopposed on their May 28, 2025 submission date, and remain unopposed over a month later:[1]

- Travelers' Motion for Partial Summary Judgment Regarding Avondale's Alleged Executive Officers Bull, Carter, Cole, Kennedy, McCue, Moore, and O'Donnell (Rec. Doc. 125)[2]

- Avondale's Motion for Partial Summary Judgment on Plaintiffs' Strict Premises Liability Claims (Rec. Doc. 128)[3]

- Travelers' Motion for Partial Summary Judgment on Plaintiffs' Executive Officer Liability Claims Regarding the Alleged Avondale Executive Officers (Rec. Doc. 129)[4]

- Travelers' Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Strict Liability Claims Regarding Avondale's Alleged Executive Officers (Rec. Doc. 132)[5]

---

[1] Pursuant to Local Rule 7.5, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities *no later than eight days before* the noticed submission date." (emphasis added).

[2] Asserting that summary judgment is appropriate because there is no evidence that Travelers issued any potentially responsive liability insurance policies during the period when Avondale employed the alleged executive officers. Rec. Doc. 125-1, at 4. And explaining that, under Louisiana law, Plaintiffs must prove that the actions at issue occurred during the insurer's coverage period. *Id.* (citing *Cole v. Celotex Corp., et al*, 599 So.2d 1058, 1077 (La. 1992)).

[3] Noting that "Plaintiffs' allegations assert strict premises liability based upon the alleged presence of defective asbestos and asbestos-containing products *brought on to* Avondale's premises rather than defects *in* the Avondale structural premises itself." Rec. Doc. 128-1, at 8. And explaining that (i) strict liability is inapplicable in this case on the basis that "Strict liability under La. C.C. art 2322 is based upon damage caused by *ruin of a building*," and (ii) under Louisiana law, "a hazardous substance on the premises does not constitute a defect *in* the premises for the purpose of Article 2322 strict liability." Rec. Doc. 128-1, at 3.

[4] Asserting that summary judgment is appropriate because there is no evidence to support Plaintiffs' "executive officer liability claims against Travelers and, therefore, [Plaintiffs] cannot meet their burden of proving that the alleged executive officers qualified as Avondale 'executive officers' under *Canter v. Koehring Co.* at any time during Travelers' relevant policy period." Rec. Doc. 129-1, at 2.

[5] Arguing that "the Court should dismiss Plaintiffs' strict liability claims against Avondale's Alleged Executive Officers (and Travelers as their insurer) because (1) Louisiana law does not recognize strict liability claims against

- Avondale's Motion for Partial Summary Judgment on Plaintiffs' Intentional Tort and Fraud Claims (Rec. Doc. 133)[6]
- Avondale's Motion for Partial Summary Judgment on Certain Non-Intentional Tort Claims (Rec. Doc. 135)[7]
- Travelers' Motion for Partial Summary Judgment on Plaintiffs' Non-Intentional Tort Claims Occurring On or After October 1, 1976 and Intentional Tort and Fraud Claims (Rec. Doc. 138)[8]

When a district court is faced with an unopposed motion for summary judgment, like those presently before this Court, the Fifth Circuit has instructed as follows:

> Although a district court may not grant summary judgment simply because a party's motion is unopposed, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," then "the [district] court may . . . consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

*Vasudevan v. Adm'rs of Tulan Educ. Fund*, 706 F. App'x 147, 152 (5th Cir. 2017).

---

executive officers; and (2) even if the Court permits Plaintiffs to assert such claims, Plaintiffs cannot prove the essential elements required under Louisiana Civil Code Articles 2317 and 2322." Rec. Doc. 132-1, at 3. And explaining that "In 1996, the Louisiana Legislature enacted La. C.C. art 2317.1, which abrogated strict liability under 2317 and 2322 by requiring plaintiffs to prove that the defendant knew, or through the exercise of reasonable care, should have known of the defect." *Id.* at 3 n.10.

[6] First arguing that, "[a]s a matter of law, Plaintiffs cannot prove that Avondale either: (1) consciously desired that Mr. Bourgeois contract mesothelioma; or (2) knew that Mr. Bourgeois' alleged mesothelioma was substantially certain to occur." Rec. Doc. 133-1, at 13. Then arguing that, "to the extent there are any fraud claims against Avondale, Plaintiffs cannot prove that: (1) Avondale told Mr. Bourgeois that asbestos was safe; or (2) Avondale suppressed information from him with the intent to gain an unjust advantage over him or harm him; or (3) Mr. Bourgeois was persuaded to accept his employment with Avondale based upon something Avondale did or did not say about asbestos." *Id.* at 13–14.

[7] Seeking summary judgment as to Plaintiffs' non-intentional tort claims against Avondale arising out of Mr. Bourgeois' alleged exposure to asbestos occurring on or after September 1, 1975 because (i) there are no genuine issues of material fact, and (ii) Avondale is immune from these claims under the Louisiana Workers' Compensation Act ("LWCA") as a matter of law.

[8] Making the following arguments: (1) the "LWCA's exclusive remedy provisions bar Plaintiffs from seeking tort damages against Avondale for any alleged non-intentional asbestos exposures allegedly sustained by David Bourgeois on or after September 1, 1975," Rec. Doc. 138-1, at 4; (2) the LWCA likewise "bars claims against Travelers, as an alleged insurer of Avondale's Alleged Executive Officers, for the same alleged exposure occurring on or after October 1, 1976," *id.*; and (3) "As for Plaintiffs' intentional tort and fraud claims, Travelers avers that Plaintiffs cannot meet their burden of proof, and therefore, those claims should be dismissed as a matter of law." *Id.*

Having considered each of the aforementioned motions, the Court finds that summary judgment is appropriate, Fed. R. Civ. P. 56(e), on the basis that each unopposed motion, in conjunction with the supporting material attached to it and the record as a whole, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Accordingly;

**IT IS ORDERED** that the following motions are **GRANTED**.

- Travelers' Motion for Partial Summary Judgment Regarding Avondale's Alleged Executive Officers Bull, Carter, Cole, Kennedy, McCue, Moore, and O'Donnell (Rec. Doc. 125)
- Avondale's Motion for Partial Summary Judgment on Plaintiffs' Strict Premises Liability Claims (Rec. Doc. 128)[9]
- Travelers' Motion for Partial Summary Judgment on Plaintiffs' Executive Officer Liability Claims Regarding the Alleged Avondale Executive Officers (Rec. Doc. 129)
- Travelers' Motion for Partial Summary Judgment Seeking Dismissal of Plaintiffs' Strict Liability Claims Regarding Avondale's Alleged Executive Officers (Rec. Doc. 132)
- Avondale's Motion for Partial Summary Judgment on Plaintiffs' Intentional Tort and Fraud Claims (Rec. Doc. 133)[10]
- Avondale's Motion for Partial Summary Judgment on Certain Non-Intentional Tort Claims (Rec. Doc. 135)[11]
- Traveler's Motion for Partial Summary Judgment on Plaintiffs' Non-Intentional Tort Claims Occurring On or After October 1, 1976 and Intentional Tort and Fraud Claims (Rec. Doc. 138)

July 7, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[9] Defendant Certain Underwriters at Lloyd's, London and London Market Companies ("London Market Insurers") joined this motion. *See* Rec. Doc. 186.

[10] The following defendants joined this motion: Foster Wheeler LLC, General Electric Company, and the London Market Insurers. *See* Rec. Doc. 145; Rec. Doc. 186.

[11] Defendant London Market Insurers joined this motion. *See* Rec. Doc. 186.